JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA BROWN,<br><br>Plaintiff,<br><br>v.<br><br>DIANE ROSEBUD and DOES 1-5,<br><br>Defendants. | Case No. CV 16-2705-DSF (RAOx)<br><br>[PROPOSED] ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS |

## I.
## FACTUAL BACKGROUND

Plaintiff Victoria Brown ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Diane Rosebud and Does 1 to 5 ("Defendants") on or about February 17, 2016. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Inglewood, California ("the property"). Compl., ¶¶ 3, 8. Plaintiff is the owner of the property. *Id.* at ¶ 4.

Defendant Rosebud filed a Notice of Removal on April 20, 2016, invoking the Court's federal question jurisdiction. Removal at 2. The same day, Defendant Rosebud filed an Application to Proceed Without Prepaying Fees or Costs. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See*

*Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant Rosebud's contention that federal question jurisdiction exists because her defenses to the unlawful detainer action are based on alleged violations of federal law. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430. Thus, to the extent Defendant Rosebud's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.*

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to no more than $10,000. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

///

///

///

## III.

## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant Rosebud's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: 4/28/16

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE